UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RANDALL E. REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:13cv1354 |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on "Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under 42 U.S.C. § 406(b)", filed by the Plaintiff on June 15, 2016. The defendant Commissioner responded to the motion on June 29, 2016, indicating that the Commissioner does not object to the award of fees as requested.

For the following reasons the motion will be granted.

### Discussion

Plaintiff filed claim for Disability Insurance Benefits (DIB-Title II) on January 4, 2011. Plaintiff's claim was denied on March 4, 2011. (R. at 79-86) Plaintiff filed a request for reconsideration, but was denied again on April 29, 2011. (R. at 88-94) Plaintiff requested an administrative hearing on November 3, 2011. (R. at 95-96) Plaintiff retained a different attorney, Ronald D. Miller for representation October 26, 2011. (R. at 131) He also agreed to "pay the costs of development of my claim(s), including but not limited to [ ] costs for medical records/reports that may be requested by my attorney at his/her discretion." *Id.* On May 22, 2012 Plaintiff appeared in Fort Wayne, Indiana before Administrative Law Judge (ALJ) Valencia

Jarvis of the Fort Wayne, Indiana Office of Disability Adjudication and Review (ODAR). (R.. at 31-64) On June 15, 2012, Judge Jarvis issued an unfavorable determination. (R. at 15-30)

On August 16, 2012, Plaintiff retained Keller & Keller LLP for representation. (Exbt. 2A). Plaintiff agreed that "if any of my claim(s) progress beyond the Office of Hearing and Appeals administrative hearing level for review . . . and then is favorably decided that my attorney may elect to use the fee petition process to petition for up to 25% of all past due benefits without limitation." *Id*. Subsequent to retaining Keller & Keller LLP for representation, Plaintiff filed a request for review with the Appeals Council, but the Appeals Council denied Plaintiff's request for review on October 22, 2013. (R. at 1-7)

Plaintiff then timely filed this civil action. (Dkt. 1) On December 10, 2013, this court issued an order to reverse the Commissioner's unfavorable determination and remand the case for further consideration under sentence four of 42 U.S.C. § 405(g). (Dkt. 39, 41)

On April 27, 2015, Plaintiff's attorney obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $6,000.00. (Dkt. 44) Plaintiff's attorney has received of $4,552.64 of this payment.

After his claim was reconsidered by the agency, Plaintiff's claim for disability benefits was approved on March 2, 2016. (Plaintiff's Exhibit 2D) Plaintiff has been awarded past-due Title II benefits totaling $59,875.00. (Plaintiff's Exhibit 2B at 3)

The Social Security Act's provisions governing fees for representation are found in 42 U.S.C. § 406. *See Gisbrecht v Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney fees under the Social Security Act). Section 406(a) governs fees for representing claimants in the administrative process, so a federal court does not determine whether to award any fee for

representation under section 406(a). 42 U.S.C. § 406(a). Section 406(b) governs attorney fees for successful litigation for benefits under Title II of the Social Security Act such as Disability Insurance Benefits, 42 U.S.C. §§ 416(I), 423, and, pursuant to § 302 of Public Law 108-203, for litigation for benefits under Title XVI of the Social Security Act or Supplemental Security Income, 42 U.S.C. §§ 1382, 1382a. 42 U.S.C. § 406(b).

Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1).

This court must review all fee requests under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

In the present case, Plaintiff's attorney contends that the requested fee of $14,968.75 is

reasonable. Plaintiff's attorney claims that this amount reflects a valid contract between Plaintiff and his counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time Counsel expended on the matter and the required refund of the fee award previously obtained under EAJA.

Plaintiff's attorney states that Plaintiff contracted with Plaintiff's attorney to pay 25 percent of past due benefits without limitation if the attorney represented her before a federal court and obtained a favorable outcome. (Plaintiff's Exhibit 2A) After this litigation, Plaintiff received as past-due Title II benefits $59,872. (Plaintiff's Exhibit 2B at 3) Plaintiff's attorney therefore moves that the Court approve an overall award of $14,968.75 —or 25 percent of the Plaintiff's past-due benefits. This award is within the statutory maximum of 25 percent of past due benefits and in accordance with what the Plaintiff contracted to pay Counsel.

Plaintiff's attorney asserts that the requested fee is reasonable because the requested fee reflects the contingent nature of the recovery. Civil actions for Social Security claimants possess a substantial risk of loss. Between 2005 and 2010, federal district courts affirmed approximately half of the appealed administrate decisions denying such claimants benefits. *See* Aspects of Disability Decision Making, Social Security Advisory Board, July 2012, Chart 65. It was also uncertain that Plaintiff's claim would be approved following a federal court remand. Because Plaintiff's attorney may only collect a 42 U.S.C. § 406(b) fee from those who ultimately receive benefits, the risk associated with engaging in such litigation is significant.

Plaintiff's attorney also asserts that the requested fee is reasonable because Plaintiff ultimately recovered approximately $59,872 in past-due benefits. Counsel's requested fee—$14,968.75 —is considerably less than a typical contingent fee recovery. *See* Herbert M.

4

Kritzer, The Wages of Risk: The Returns of Contingency Fee Legal Practice, 47 DePaul L. Rev. 267, 285 (1998); *cf. Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992) (Posner, J.) ("We know that in personal-injury suits the usual range for contingent fees are between 33 and 50 percent"). Moreover, while Plaintiff's attorney is seeking a fee solely from Plaintiff's past-due benefits, Plaintiff will receive much more due to Counsel's efforts before this Court. He will receive ongoing benefits until he dies, reaches retirement age, or becomes no longer disabled. He will also be entitled to the value of health care benefits which accompany an award of benefits under Title II. Thus, Counsel's requested fee reasonably compensates him for the substantial monetary and other benefits which resulted from this litigation.

The requested fee also reflects the time and attention which Counsel devoted to Plaintiff's case before this Court. Counsel spent a total of 34.5 hours on the civil litigation. (Exbt. 2C) Counsel wrote persuasive briefs which ultimately led to the Court reversing the decision and remanding for a new hearing. Counsel's requested fee—$14,968.75 —results in a hypothetical hourly fee of $433.86. Such compensation in a contingency fee case is not "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 35 U.S. at 808; *Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363646, *2, 4 (S.D. Ind. Feb. 11, 2009) (approving hourly rate of approximately $800); *Anzalone v. Colvin*, No. 11-cv-552, 2013 U.S. Dist. LEXIS 123793 at *5 (E.D. Wis. August 29, 2013) (approving hourly rate of $ 579); *Stemper v. Astrue*, No. 04-cv-838, 2008 U.S. Dist. LEXIS 54951 at *1 (W.D. Wis. July 14, 2008) (approving hourly rate of $666); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, *3, 4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-CV-00018, 2008 WL 4614658, *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to

hourly rate of $583.50).

Previously, Plaintiff's attorney obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $6,000.00. (Dkt. 44) Of this amount, $4,552.64 has been received by Counsel and he has indicated that he will refund it to the Plaintiff. Plaintiff's attorney has thus followed the terms of his agreement and the EAJA statute. He has reasonably attempted to reduce the portion of his fee which Plaintiff will pay out of his past-due benefits.

As noted at the outset, the Commissioner has submitted a response in which she indicates that she has reviewed the Petition for Attorney Fees and does not object to the amount sought.

Accordingly, as the award of fees is fully supported by the record, the request for attorney fees will by GRANTED.

## Conclusion

On the basis of the foregoing, Plaintiff's Attorney's Motion for an Award of Attorneys Fees [DE 45] is hereby GRANTED.

Entered: August 15, 2016.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court